# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Robert W. Elliott,<br><br>            Plaintiff,<br><br>    v.<br><br>Brian Williams, et al.,<br><br>            Defendants. | Case No. 2:19-cv-00383-GMN-BNW<br><br>**ORDER** |

Elliott initiated this matter with a complaint under 42 U.S.C. § 1983 and an accompanying application to proceed in forma pauperis ("IFP"). ECF No. 1. The district judge screened Elliott's complaint and found that he stated cognizable claims against defendants Brian Williams, John Borrowman, Frank Dreesen, Dana Everage, Jerry Howell, Kim Thomas, and Jo Gentry. ECF No. 7 at 9–10. Elliott accuses those defendants of violating his rights under the First Amendment of the United States Constitution. *Id*.

Following an unsuccessful early mediation, Nevada's Office of the Attorney General accepted service on behalf of all the above-named defendants, except Gentry. ECF Nos. 16 and 25. Instead of accepting service on behalf of Gentry, the Attorney General filed Gentry's last-known address under seal at ECF No. 26.

At ECF No. 33 Elliot requests that he provided a list of the defendants for whom the Attorney General will accept service and that a summons be served on Jo Gentry. At ECF No. 35 Elliot requests additional time to serve Jo Gentry.

I.  Discussion

    A.  ECF No. 33

The Attorney General has already provided a list of Defendants for whom they will accept service. ECF No. 25.  In the event Elliot has not received that list, the court will direct the Clerk's Office to mail it to him. In addition, the docket reflects Jo Gentry was purportedly served on March 5, 2021. ECF No. 40. As a result, Elliott's motion requesting the issuance of a summons will be denied as moot.

    B.  ECF No. 35

Rule 4 provides that the plaintiff must serve defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m).  The federal court lacks personal jurisdiction over a defendant unless the defendant has been served with process pursuant to Rule 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Here, the Court entered a screening order on December 12, 2019. ECF No. 7. The screening order imposed a stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. ECF Nos. 7 and 16. The Office of the Attorney General filed a status report indicating that settlement had not been reached and informing the Court of its intent to proceed with this action. ECF No. 22. The Court's order lifting the stay provided that Elliot had 90 days from October 16, 2020 to effectuate service. ECF No. 24. Service was not effectuated until March 5, 2021. ECF No. 40 at 3. Because Elliot did not meet the 90-day deadline, the Court must either extend the time for service or dismiss the late-served defendant.

Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.  At both steps, the burden is on the party responsible for service. Fed. R. Civ. P. 4(m) (requiring the Court to extend the time for service "if the plaintiff shows good cause"); *Moore v. Teamsters Local 41*, 2015 WL

859074, at *1 (D. Kan. February 27, 2015) (explaining that it is plaintiff's "burden to show grounds for an extension under Rule 4(m)") (emphasis omitted). If the movant meets his or her burden, the Court may retroactively extend the time for service. *U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). In the Ninth Circuit, good cause requires more than inadvertence or the mistake of counsel. *Id.*; *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted). To determine whether an excuse rises to the level of good cause, the Court must analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* at 512.

Here, the Court finds that Elliot has established good cause for the extension. It was not until November 6, 2020, that Jo Gentry's address was filed under seal. On November 27, 2020 Elliot filed a motion requesting the issuance of that summons. ECF No. 31. The court granted that motion on December 18, 2020 and ordered Elliot to submit the USM-285 form. ECF No. 31. The record reflects Elliot filled out the USM-285 form on December 28, 2020 and the United States Marshal received the form on January 4, 2021. ECF No. 40 at 1. Thus, Elliot was diligent in complying with the court's directives to effectuate service on Jo Gentry. The United States Marshals Service attempted process on January 28, 2021, February 5, 2021, and finally purported to serve process on March 5, 2021. *Id.* at 3.

The Court, therefore, exercises its broad discretion to extend the time for service up to and including 60 days following the original service deadline. Accordingly, the deadline for service upon Jo Gentry is retroactively extended to March 5, 2021.

## II.  Conclusion

**IT IS ORDERED** that ECF No. 33 is DENIED as moot.

**IT IS FURTHER ORDERED** that the Clerk's Office mail a copy of ECF No. 25 (which lists the Defendants for whom the Attorney General is accepting service of process) to Plaintiff.

**IT IS FURTHER ORDERED** that ECF No. 35 is GRANTED.  The deadline for service upon Jo Gentry is extended up to and including March 5, 2021.

DATED: April 23, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE