**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT W. ELLIOTT, )
)
            Plaintiff, )   Case No.: 2:19-cv-00383-GMN-BNW
vs. )
) **ORDER**
BRIAN WILLIAMS, *et al.*, )
)
            Defendants. )
)

Pending before the Court is the Motion to Dismiss, (ECF No. 29), filed by Defendants John Borrowman, Frank Dreesen, Dana Everage, Brian Williams, Jerry Howell, and Kim Thomas (collectively, "Defendants"). Plaintiff Robert W. Elliott ("Plaintiff") filed a Response, (ECF No. 37), and Defendants did not file a Reply.

For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss.

**I.    BACKGROUND**

This case arises from Plaintiff's allegations that he was denied various accommodations that would have enabled him to practice his Wiccan faith while incarcerated at High Desert State Prison. (*See* Compl., ECF No. 8). The Court provided a detailed review of the facts alleged in the Complaint in the Court's Screening Order. (*See* Screening Order, ECF No. 7). Most central to this Motion are three events. First, Plaintiff alleges that he requested funds from his savings account to purchase religious materials, and his request was denied. (Compl. at 12–17). Second, Plaintiff alleges that he requested to photocopy religious literature, and his request was denied. (*Id.* at 18–20). Third, Plaintiff alleges that he requested that his facility provide him with a ceremonial meal for winter solstice, and the request was denied. Defendants now move to dismiss the Complaint. (*Id.* at 23–26).

//

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by

amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  DISCUSSION

In the Screening Order, the Court concluded that Plaintiff has raised three possible free exercise claims arising under the United States and Nevada Constitutions based upon: (1) Plaintiff's inability to purchase religious articles with funds in his savings account; (2) Plaintiff's inability to photocopy or procure additional religious books; and (3) Defendants' denial of Plaintiff's holy meal for winter solstice. (Screening Order 5:20–9:16, ECF No. 7). Defendants move to dismiss the claims, contending that: (1) Plaintiff has no private right of action under the Nevada Constitution and his state law claims are otherwise barred by Eleventh Amendment immunity; (2) several of Plaintiff's claims are barred by the statute of limitations; (3) Plaintiff fails to state a claim upon which relief can be granted; and (4) Defendants are otherwise entitled to qualified immunity. (*See generally* Mot. Dismiss ("MTD"), ECF No. 29). The Court's below discussion first addresses Defendant's statute of limitations defense before addressing the sufficiency of the Complaint's allegations.

### A.  Timeliness

Section 1983 does not contain its own statute of limitations. Instead, federal courts borrow the statute of limitations for personal injury claims in the forum state. *See Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985); *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). In Nevada, the relevant limitations period is two years. Nev. Rev. Stat. 11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

Defendants' timeliness objection concerns only Plaintiff's savings account claim. (MTD 6:3–12). Neither party disputes that a 2-year statute of limitations applies to the claim. (*Compare id.*); (*with* Pl.'s Resp. at 7–8, ECF No. 37). Rather, the parties' disagreement concerns the date Plaintiff's claims based upon the restrictions on Plaintiff's savings account began to accrue. Defendants argue several of the claims are time-barred because they concern conduct dating to June of 2013, but Plaintiff did not file his Complaint until March of 2019. (MTD 6:3–12). Plaintiff contends that although he alleged deprivations occurring in 2013, his claims did not begin to accrue until August 29, 2017, after he exhausted his administrative remedies as required by the Prison Litigation Reform Act. (Pl.'s Resp. at 7–8).

The Court concludes that Plaintiff's claim is timely. Plaintiff filed his first informal grievance relating to the use of his savings account on June 13, 2016, which was denied on July 13, 2016. (*See* Informal Grievance, Ex. B-1 to Pl.'s Resp, ECF No. 38).[1] Plaintiff then submitted his first-level grievance seeking the same relief, which was also denied. (*See* First-Level Grievance, Ex. B-2 to Pl.'s Resp, ECF No. 38). Plaintiff then filed his second-level grievance, which was denied on July 6, 2017. (*See* Second-Level Grievance, Ex. B-3 to Pl.'s Resp, ECF No. 38). Plaintiff filed his Complaint on March 5, 2019, less than two years from the denial of his second-level grievance. (*See* Compl., ECF No. 1-1). Although Plaintiff's claim began to accrue at the moment of injury, the exhaustion of his administrative remedies tolled the limitations period from the date of Plaintiff's informal grievance to the denial of his second level grievance. *See Soto v. Unknown Sweetman*, 882 F.3d 865, 870–71 (9th Cir. 2018). Plaintiff's claim began to accrue following the denial of his first request to use his savings account to purchase Wiccan items in April of 2016, but the period was tolled from June 13, 2016 to July 6, 2017. (*See* Compl. at 11). Accordingly, the Court denies dismissal of the claim

---

[1] The Court takes judicial notice of the grievance pursuant to FRE 201.

based upon Defendants' statute of limitations defense as it does not appear the claim is untimely.²

### B. Constitutional Claims

Each of Plaintiff's claims are premised upon his First Amendment right to free exercise of religion under the United States Constitution and corollary rights arising under the Nevada Constitution. For an inmate to prevail on a free exercise claim, it must be established that the defendant substantially burdened the practice of his religion by prevention of faith-mandated conduct without a justification reasonably related to penological interests. *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). In analyzing the relationship between the regulation and a legitimate penological goal, courts are instructed to utilize the factors outlined in *Turner v. Safely*. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008).

Under Turner, "[w]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987); *see also O'Lone*, 482 U.S. at 349; *Shakur*, 514 F.3d at 884; *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995); *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997), *overruled on other grounds*, 514 F.3d at 884–85. To determine if a prison regulation is reasonably related to a legitimate penological interest, the court considers the following factors: (1) whether there is a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the rights that remain open to prison inmates"; (3) what impact the requested accommodation "will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether the "absence of ready alternatives is

---

² Defendants allege that the injury arose in June of 2013, but the Court finds no such allegation in the Complaint. (*See* MTD 3:8–13) (citing Compl. at 12) (indicating a grievance in 2016 but never citing a 2013 date).

evidence of the reasonableness of a prison regulation" or the existence of obvious alternatives evidences an "exaggerated response." *Turner*, 482 U.S. at 89–90. In ruling on a Rule 12(b)(6) motion to dismiss, the court need not assess or address all the factors, but need only assess as a general matter whether the regulation is reasonably related to a legitimate penological interest. *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012).

In evaluating a free exercise claim, courts must give "appropriate deference to prison officials," *O'Lone*, 482 U.S. at 349, because "the judiciary is 'ill-equipped' to deal with the difficult and delicate problems of prison management." *Thornburgh v. Abbott*, 490 U.S. 401, 407–08 (1989) (citation omitted). To place a substantial burden on the practice of religion, the interference must be more than an inconvenience, *Freeman*, 125 F.3d at 737, or an isolated incident or short-term occurrence. *See Canel v. Lightner*, 143 F.3d 1214, 1215 (9th Cir. 1998).

### i. Savings Account

Plaintiff alleges that he was denied the ability to purchase religious items with his savings account based upon Administrative Regulation ("AR") 258. (AR 258, Ex. A to MTD, ECF No. 29-1). AR 258 provides, "Withdrawals from a Savings Account are permitted during incarceration only with the approval of the Director/Designee through the use of an Inmate Savings Withdraw Request DOC – 515." (AR 258(1)(C)(4), Ex. 1 to MTD, ECF No. 29-1). Plaintiff has not alleged that he submitted a DOC – 515 as required by AR 258 to access funds in his savings account. (*See* Compl., ECF No. 1-1). Even if he had allegedly submitted a Doc – 515, the state has a valid interest in restricting inmates' savings accounts because they are intended for providing defendants funds upon release or to defray costs associated with their deaths. (*See* Compl. at 15, ECF No. 8) (describing Defendant Gentry's explanation of the regulation). Plaintiff has not alleged that he would be unable to purchase religious texts through his primary trust account or trust two account as is authorized. (MTD 7:24–26). Accordingly, given the apparent available alternatives to secure religious texts and because AR

258 appears rationally related to a legitimate penological interest, the Court dismisses the claim with prejudice.

### ii. Photocopying and Ordering Literature

Plaintiff alleges that he was deprived the ability to photocopy religious texts, burdening his ability to exercise his religion. (Compl. at 18–21).  In their Motion, Defendants explain that NDOC policy proscribes that it "does not provide photocopies of religious material for any faith group.  Copies may be made by faith group volunteers or members outside the institution and mailed to the inmates." (*See* Memo from Chaplin Snyder, Ex. C to MTD, ECF No. 29-3).

Plaintiff does not explain why the existing religious materials were inadequate for him to practice his faith. (Compl. at 18–21).  Nor is it apparent that the prohibition against photocopying fails to rationally serve a legitimate government interest of avoiding copyright infringement given the alternative means available to procure religious texts. (MTD 8:27–9:3) (explaining the asserted interest).  The policy at most appears to minorly inconvenience inmates by requiring them to share religious texts.

Plaintiff alleges that he ordered religious texts from an outside group as allowed by the policy, but that the texts were returned to sender. (Compl. at 18–21).  However, Plaintiff does not allege facts indicating that the texts were returned because they were religious texts and not for the failure to comply with some other neutral mail-related regulation.  Accordingly, Plaintiff has not plausibly alleged that the policy or enforcement thereof deprived him of his free exercise rights.  The Court denies the claim without prejudice.

### iii. Ceremonial Meal

Plaintiff contends that he was denied a ceremonial meal for winter solstice in violation of his free exercise rights. (Compl. at 22–26).  Defendants explain they merely enforced AR 810.2, which acknowledges winter solstice as a holiday for Wiccans, but provides no special dietary accommodations for the day. (*See* Admin R. 810.2, Ex. B to MTD, ECF No. 29-2).

Plaintiff has failed to state a plausible claim because he does not allege that his faith requires him to have a ceremonial meal on winter solstice. *See Ryncarz v. Thomas*, No. 3:12-CV-1692, 2013 U.S. Dist. LEXIS 116819, at *32 (D. Or. May 14, 2014) ("Here, Ryncarz' right to free exercise has not been [unconstitutionally] burdened. Ryncarz neither alleges nor argues that Druidic practice requires a ceremonial meal on Beltane or on any other day[.]"). Even if a special meal is required, Defendants represent that inmates can receive a special meal if not explicitly provided by AR 810.2 as long as they demonstrate food is an integral part of the holiday. (MTD 9:14–18). Requiring inmates to make a request for a special meal does not demonstrate a free exercise violation. *Resnick v. Adams*, 348 F.3d 763, 771 (9th Cir. 2003). Accordingly, as Plaintiff has not alleged that his request for a ceremonial meal indicated that food was an integral part of the solstice celebration, but his request instead emphasized the meal accommodations provided to other religions, the Court dismisses the claim without prejudice.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 29), is **GRANTED** consistent with the foregoing. Plaintiff shall have twenty-one (21) days from entry of this Order to file an amended complaint amending only those claims dismissed without prejudice. Failure to timely file an amended complaint will result in dismissal of the case with prejudice.

Dated this  16  day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT