UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT W. ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cv-00383-GMN-BNW |
| vs. ) | |
| ) | **ORDER DISMISSING CASE WITH** |
| BRIAN WILLIAMS, *et al.*, ) | **PREJUDICE** |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 56), filed by Defendants John Borrowman, Frank Dreesen, Dana Everage, Brian Williams, Jerry Howell, and Kim Thomas.  Plaintiff Robert W. Elliott filed a Response, (ECF No. 74).  The Court **GRANTS** Defendants' Motion to Dismiss because Plaintiff fails to state a claim.

I. **BACKGROUND**

This case arises from Defendants' alleged infringement of Plaintiff's religious liberties while he was incarcerated at Southern Desert Correction Center ("SDCC"), a facility operated by the Nevada Department of Corrections ("NDOC").  Plaintiff is a practitioner of Wicca, a recognized Earth-based religion. (First Am. Compl. ("FAC") at 5).  Among other things, Plaintiff sought to purchase or otherwise obtain religious items and books to perform rituals, ceremonies, and daily devotions. (*Id.* at 6).  Additionally, Plaintiff requested to receive holiday meals for certain Wicca holy days. (*Id.*).  Plaintiff alleges that Defendants denied all his requests for religious accommodation, which "keeps [him] from freely and fully participating and practicing [his] worship of the God and Goddesses of Wicca." (*Id.*).

This Court screened Plaintiff's original complaint and, in a detailed review of the facts alleged, allowed three claims pertaining to Plaintiff's requests for religious items, books, and

///

holy meals to proceed. (*See generally* Screening Order, ECF No. 7).[1] Defendants then moved to dismiss, (ECF No. 29), which the Court granted. Specifically, the Court (1) dismissed *with* prejudice Plaintiff's claim that he was denied the ability to purchase religious items with his savings account; (2) dismissed *without* prejudice Plaintiff's claim that he was deprived of the ability to photocopy religious texts or receive texts in the mail; and (3) dismissed *without* prejudice Plaintiff's claim that he was denied a ceremonial meal for the winter solstice. (*See generally* Order, ECF No. 45). The Court instructed Plaintiff to file an amended complaint amending those claims dismissed without prejudice, (*id*. 8:16-18), after which Plaintiff filed his First Amended Complaint ("FAC"), (ECF No. 51). Defendants again move to dismiss for failure to state a claim.[2]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). But the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

---

[1] The Court incorporates the facts set forth in the Screening Order.

[2] The Court stayed discovery of this case pending the Court's decision on the instant Motion to Dismiss. (*See* Order, ECF No. 75). Plaintiff filed a Motion to Reconsider the Court's Order staying discovery, (ECF No. 76), and a Motion to Lift Stay of Discovery, (ECF No. 85). Because the Court dismisses this case with prejudice, the Court DENIES Plaintiff's motions as moot.

1   with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a
2   violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing
3   *Twombly*, 550 U.S. at 555).

4       If a court grants a motion to dismiss for failure to state a claim, leave to amend should be
5   granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.
6   *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). The court should
7   "freely" give leave to amend "when justice so requires," and in the absence of a reason such as
8   "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure
9   deficiencies by amendments previously allowed, undue prejudice to the opposing party by
10  virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371
11  U.S. 178, 182 (1962).

12  **III.   DISCUSSION**

13      Plaintiff's FAC elaborates on the same three claims allowed to proceed in his original
14  complaint. But the first claim, that Defendants refused to allow Plaintiff to purchase religious
15  items with his savings account, has already been dismissed with prejudice. (Order 6:13–7:2,
16  ECF No. 45). That is, Plaintiff did not have leave to amend this claim. Accordingly, the Court
17  will address only the two remaining free exercise claims that Plaintiff had leave to amend.
18  Defendants argue that these two claims have no merit and, alternatively, that Defendants are
19  entitled to qualified immunity. The Court agrees with Defendants that Plaintiff's FAC fails to
20  state a free exercise claim under the First Amendment or its state law counterpart.[3]

21      The First Amendment to the United States Constitution provides that "Congress shall
22  make no law respecting an establishment of religion, or prohibiting the free exercise thereof."
23  U.S. Const., amend. I. A person asserting a free exercise claim must show that the government

---

[3] Because the Court finds that the FAC fails to state a claim, the Court need not reach Defendants' qualified immunity argument.

action in question substantially burdens the person's practice of her religion. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).  When the government action is in the context of a prison, the "challenged conduct 'is valid if it is reasonably related to legitimate penological interests.'" *Id.* at 1032 (quoting *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 349 (1987)).  This is because, although prisoners retain their First Amendment rights while they are incarcerated, these rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbit*, 833 F.2d 196, 197 (9th Cir. 1987).

### A. Religious Texts

Plaintiff re-alleges that he was deprived of the ability to photocopy religious texts or receive religious texts from an outside vendor, burdening his ability to exercise his religion. (FAC at 17).  The Court previously dismissed this claim without prejudice because (1) Plaintiff did not explain why the existing materials were inadequate for him to practice his faith; (2) the prohibition against photocopying appears to rationally serve a legitimate government interest of avoiding copyright infringement given the alternative means available to procure religious texts; and (3) Plaintiff did not allege facts indicating that he was unable to receive religious texts because of their religious nature and not because of some other neutral mail-related regulation. (Order 7:9–20).  Although Plaintiff further explains why the existing materials were inadequate, Plaintiff's FAC does not cure the other deficiencies the Court previously noted.

Plaintiff's FAC does not address the legitimate government interest of avoiding copyright infringement.  Moreover, "the Free Exercise Clause does not bar the government from burdening the free exercise of religion with a 'valid and neutral law of general applicability.'" *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1067 (9th Cir. 2008) (quoting *Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 879 (1990)).  The NDOC's refusal to permit photocopying of texts to avoid copyright infringement appears to be

a valid and neutral law of general applicability; Defendants refused Plaintiff's requests for photocopies not because the texts he wished to photocopy were religious, or because they pertained to Wicca, but because, presumably, all requests for photocopies were seemingly denied on this basis. Plaintiff offers no factual allegations to refute this reasonable assumption. Accordingly, Plaintiff fails to state a claim based on Defendants' alleged refusal to permit photocopies of religious texts.

Plaintiff similarly fails to state a claim based on Defendants' alleged refusal to permit him to receive texts from outside sources. Plaintiff alleges that he "secured approval for religious supplies" to be shipped to him from an online vendor. (Compl. at 24). But despite NDOC's approval, Plaintiff received an un-authorized mail form because the package was returned to sender without even being opened. (*Id.*). Based on Plaintiff's own allegations, it appears that Plaintiff's package was returned for failure to comply with some other neutral, mail-related regulation. Indeed, if the package was never opened, as Plaintiff alleges it was not, then its contents were not known when NDOC returned it. Thus, whatever the reason for returning the package to sender, it could not have been because of the religious nature of its contents.

The Court is sympathetic to Plaintiff's endeavor to obtain materials to further his religious studies. But Plaintiff has not alleged facts suggesting that Defendants, by enforcing neutral regulations with a legitimate purpose, have interfered with Plaintiff's efforts in violation of his religious liberties. Accordingly, the Court again dismisses Plaintiff's claims concerning religious texts.

**B. Holy Day Meals**

Plaintiff also re-alleges that he was denied holy meals in violation of his free exercise rights. The Court previously dismissed this claim because Plaintiff did not allege that his faith requires a specific ceremonial meal or that food was an integral part of the religious

celebration. (Order 8:1–13).  In its prior Order, the Court noted that Plaintiff's request "emphasized the meal accommodations provided to other religions" rather than explain what accommodations his religion requires. (*Id.* 8:11–12).

Inmates have the right to be provided with "food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987).  But Plaintiff's FAC again fails to allege any specific meal requirement or dietary laws for holidays.  On the contrary, Plaintiff explains that "a diet was a matter of personal choice for the individual Wicca practitioner depending upon the denomination of Wicca the person elected to follow." (FAC at 27).  Though Plaintiff notes the difference between a diet, which is something a person eats every day, and a ceremonial meal, which is eaten only on holidays, Plaintiff fails to allege that his faith mandates a ceremonial meal for specific holidays or what such a meal would include. (*Id.* at 28).  Instead, Plaintiff again emphasizes that other religious groups get special meal services for their holidays, such as Ramadan. (*Id.*).  Accordingly, the Court again dismisses Plaintiff's claim regarding ceremonial meals. *See England v. Walsh*, 727 F. App'x 255, 257 (9th Cir. 2018) (concluding that district court correctly decided that NDOC did not violate prisoner's free exercise rights when it provided him with food sufficient to sustain him in good health that satisfied the dietary laws of his religion).

### C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*,

1  203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.
2  1995)).

3        Here, Plaintiff has already had an opportunity to cure these deficiencies.  After the Court
4  explained how Plaintiff's claims were deficient in its prior order dismissing the complaint,
5  Plaintiff re-alleged substantially the same claims in his FAC.  By failing to address the
6  deficiencies previously noted by the Court, Plaintiff has demonstrated that further amendment
7  would be futile. *See Foman*, 371 U.S. at 182.  The Court therefore dismisses both claims with
8  prejudice, without leave to amend.

9  **IV.  CONCLUSION**

10        **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 56), is
11  **GRANTED**.

12        **IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider the Court's Order
13  to Stay Proceedings, (ECF No. 76), is **DENIED as moot**.

14        **IT IS FURTHER ORDERED** that Plaintiff's Motion to Lift Stay of Discovery, (ECF
15  No. 85), is **DENIED as moot**.

16        **IT IS FURTHER ORDERED** that the Clerk of Court shall close the case and enter
17  judgment for Defendants.

18        **DATED** this __25__ day of October, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT